UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAMES CLOSE,

    Plaintiff,

vs.                                    CASE NO:  5:16-CV-1990

DASI, LLC

    Defendant.

_____/

## COMPLAINT

Plaintiff, James Close ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues DASI, LLC for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and allege:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.    Venue is proper in this Court, the Western District of Texas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western

District of Texas.

3. Plaintiff, James Close (hereinafter referred to as "Close"), is a resident of Midland, Texas and travels to the San Antonio area frequently to visit friends and participate in events, and is currently looking to permanently relocate to the San Antonio area. Close is a qualified individual with a disability under the ADA. Close suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he has blindness due to glaucoma, diabetic neuropathy in both hands and feet with digital amputation in both feet such that he requires the use of a wheelchair for mobility and has limited use of his upper extremities. Prior to instituting the instant action, Close visited the Defendant's premises at issue in this matter in September 2016, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Close continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, DASI, LLC, is a limited liability company registered to do business and, in fact, conducting business in the State of Texas. Upon information and belief, DASI, LLC (hereinafter referred to as "DASI") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action,

specifically the Shopping Center located at 3255 Harry Wurzbach Road, in San Antonio, Texas (hereinafter referred to as the "Shopping Center"), currently containing a Domino's Pizza and Taquiera El Trompo restaurants.

5.  All events giving rise to this lawsuit occurred in the Western District of Texas.

## **COUNT I - VIOLATION OF THE ADA**

6.  On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7.  Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, DASI is a place of public accommodation in that it is a Shopping Center operated by a private entity that provides goods and services to the public.

8.  DASI has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Shopping Center in derogation of 42 U.S.C §12101 *et seq*.

9.  Close has been unable to and continues to be unable to enjoy access to,

and the benefits of the services offered at the Shopping Center. Prior to the filing of this lawsuit, Close visited the Shopping Center at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact, as a result of the barriers to access listed in Paragraph 11, below that he personally encountered. In addition, Close continues to desire and intends to visit the Shopping Center, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access which remain at the Shopping Center in violation of the ADA. Close has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. DASI is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.*, as well as the associated Texas Accessibility Standards, and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

    (i)    There are no accessible parking spaces provided in the parking lot;

    (ii)    There are no van accessible parking spaces provided in the

     parking lot;

 (iii) There is no accessible route to enter tenant spaces due to a change in level between the parking lot and sidewalk that is not ramped;

 (iv) Upon information and belief, there may be additional barriers to access in the tenant spaces with regard to counter heights, tables, maneuvering clearances at doors and toilet rooms.

12. There are other current barriers to access and violations of the ADA at the Shopping Center owned and operated by DASI that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §§36.304 and 36.401, DASI required to make its Shopping Center, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, DASI has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees,

costs and expenses paid by DASI pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against DASI and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E. That the Court award such other and further relief as it deems necessary, just and proper.

**COUNT II - VIOLATION OF TEXAS STATE LAW AGAINST DISCRIMINATION**

17. Plaintiff realleges and reavers Paragraphs 1 through 16, above, as if fully

contained herein.

18. Section 121.003 of the Texas Human Resources Code prohibits discrimination on the basis of disability. Such discrimination includes, *inter alia*: refusing to allow a person with a disability the use of or admittance to a public facility; failing to comply with the requirements of the Texas Architectural Barriers Act (re-codified at Tex. Gov't Code §469.001, *et seq.* as Elimination of Architectural Barriers); failing to make reasonable accommodations in policies, practices and procedures; or failing to provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility.

19. The Shopping Center owned and/or operated by DASI is a "public facility" per the definition contained in Section 121.002(5) of the Texas Human Resources Code.

20. Section 121.004 of the Texas Human Resources Code provides that any person, firm, association, corporation, or other organization that violates the provisions of Section 121.003 is deemed to have deprived a person with a disability of his or her civil liberties.

21. Section 121.004 of the Texas Human Resources Code further provides that a person with a disability deprived of his or her civil liberties may maintain a cause of action for damages in a court of competent jurisdiction and conclusively presumes

damages in the amount of at least $300.

22. DASI has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Shopping Center in derogation of the Tex. Hum. Res. Code §121.003.

23. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Shopping Center. Prior to filing of this lawsuit, Plaintiff visited the Shopping Center and was denied access to the benefits, accommodations and services of the Defendant's goods and services and therefore was damaged and suffered an injury in fact. In addition, Plaintiff continues to desire to visit the Shopping Center, but continues to be damaged and injured in that he is unable to and continues to be discriminated against due to the architectural barriers that remain at the Shopping Center in violation of the ADA and the Texas Architectural Barriers Act.

24. DASI is in violation of the Texas Architectural Barriers Act (Tex. Gov't Code §469, et. seq.) and is discriminating against the Plaintiff as a result of, *inter alia*, the specific violations outlined in Paragraph 11 above.

WHEREFORE, the Plaintiff demands judgment against DASI as follows:

A. That the Court declare that the property owned and administered by Defendant is violative of Tex. Hum. Res. Code §121.003;

B. That the Court award compensatory damages to Plaintiff in such an

        amount as the Court deems just and proper;

C.      That costs be taxed to Defendant; and

D.      That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 7th day of October 2016.

                Respectfully submitted,

                By:   /s/ Edward I. Zwilling
                      Edward I. Zwilling, Esq.
                      Alabama State Bar No.: ASB-1564-L54E

**OF COUNSEL:**
Schwartz, Roller & Zwilling, LLP
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:  (205) 822-2701
Facsimile:   (205) 822-2702
Email:        ezwilling@szalaw.com