UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES CLOSE, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No.  SA-16-CA-0990-XR |
| DASI, LLC, | § § § | |
| *Defendant.* | § § § § | |

## ORDER

On this date, the Court considered Defendant's Motion to Set Aside Entry of Default (Docket no. 9).  After careful consideration, the Court grants the motion.

## BACKGROUND

On October 7, 2016, Plaintiff James Close filed this lawsuit against DASI, LLC in this Court for injunctive relief, attorney's fees, and costs pursuant to Title III of the Americans with Disabilities Act (ADA), 42. U.S.C. § 112181. Docket no. 1. On December 13, 2016, Close moved for entry of default, and clerk's default was entered the same day. Docket nos. 5 & 6. DASI now files this motion to set aside the default and for leave to file its answer. Docket no. 9.

## DISCUSSION

When a party fails to defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. R 55 (a). Close filed the process server's affidavit stating that personal service was made on DASI's registered agent, R. David Guerra, on October 21, 2016 in McAllen, Texas.  Close also provided an affidavit from his counsel with the default application. *See* Docket no. 3, 4, 5-1. Thus, clerk's default was appropriately entered based on the face of the record.

The court may set aside an entry of default for good cause. Fed. R. Civ. P. R 55 (c). To determine whether good cause to set aside a default exists, courts usually employ equitable principles. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). The factors to be considered include: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary, (3) whether a meritorious defense is presented; and (4) whether the defendant acted expeditiously to correct the default. *Id.*

Courts take different approaches regarding whether the court must consider and note its disposition of all these factors on the record. Some view the factors in the disjunctive and consider all the factors in assessing good cause. *See, e.g., Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.,* 687 F.2d 182, 185 (7th Cir. 1982) ("in order to have the entry of default set aside, it was incumbent upon defendants to show: good cause for their default, quick action to correct it and a meritorious defense to plaintiff's complaint"). Others end the inquiry after a finding of willfulness. *See, e.g., Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding"). This Court will consider multiple factors to determine whether good cause exists to set aside the default.

As to whether the default was willful, there is no indication in the record that DASI acted willfully in failing to file an answer in the relevant sense of intentional disregard. Although DASI admits not filing an answer, DASI contends that it "was never actually served with process despite Plaintiff's affidavit to the contrary" and that "Guerra first became aware of this suit as a result of delivery of documents to San Antonio which did not constitute personal service." Docket no. 9 at 2. DASI states that after delivery of the documents, it consulted with counsel and awaited formal service, and did not learn of the entry of default based upon alleged personal

service until receiving a copy of the entry of default. Plaintiff Close has not responded to the motion to set aside the entry of default to dispute the issue of proper service.

DASI asserts that, immediately upon learning of the entry of default, it consulted with counsel and filed this motion and proposed answer immediately. Docket no. 9 at 2. DASI has acted expeditiously to correct the default. Further, the record does not indicate granting the motion will cause prejudice to Close. Having to prosecute a lawsuit on the merits is not prejudicial, and courts favor resolution on the merits as opposed to through default. The Court need not decide whether DASI has presented a meritorious defense at this stage. Further, as noted, Plaintiff Close has not filed a response in opposition. Thus, considering the relevant factors, the Court concludes that the motion to set aside the entry of default should be granted.

## CONCLUSION

Defendant's Motion to Set Aside Entry of Default (Docket no. 9) is GRANTED and leave to file the Answer is GRANTED. The entry of default (Docket no. 6) is VACATED. The Clerk shall file the Answer.

It is so ORDERED.

SIGNED this 6th day of February, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE